# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

__Major Harris__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 15-30050-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a [ ] federal offense [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the [ ] date of conviction [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
    - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [x] clear and convincing evidence [ ] a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2-6-15
*Date*

*Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Major Edward Harris Order of Detention

Defendant is charged by way of federal criminal complaint with Knowingly Taking Property from the Person or Presence of Another through Actual and Threatened Force and Violence and by Causing the Victims to have a Fear of Immediate Injury to their Person. Specifically Defendant is charged in two robberies of Radio Shack stores. The complaint alleges that on February 1, 2015 Defendant and his accomplice, Lahmal Bell, entered the Radio Shack located at 7860 Telegraph Road in Taylor, Michigan and began to shop for consumer goods. Defendant Bell and Defendant inquired about iPhone cases and spoke to a salesman. As the victim walked around the counter, Defendant Bell followed him and put a gun to his back, demanded his personal cell phone and the location of all the iPhones in the store. The victim placed 27 phones in a bag as ordered and also was able to place a tracker phone with the other phones. The victim said that Defendant Harris and Defendant Bell then fled out of the back door of the store.

The Taylor Police were able to track the Defendants through the tracking phone and found both Defendants standing next to a white Chevy Trailblazer in a parking lot at Warren and Chalmers in Detroit. Upon observing the police vehicle, both Bell and Defendant Harris began to walk away from the white Trailblazer. Both Defendants were detained and later identified.

Inside the Trailblazer were two white garbage bags filled with boxes of cell phones. Also found inside the car were a loaded Springfield, .40 SW caliber pistol, 27 cell phones for sale, 1 tracker phone, all stolen from Radio Shack. 2 doo rags, and 9 other phones. A construction vest was recovered from a trash can immediately next to the parked Trailblazer. Both Defendant and Bell were arrested by the police.

Harris admitted, afer waiving his Miranda rights, that he and Bell came up with the scheme to to rob the Radio Shack and parked the vehicle behind the store. Harris admitted to throwing the construction vest into the trash can next to the Trailblazer. After robbing the store both Defendants fled the area and went to E. Warren in Detroit, stopping at a gas station to buy gas and cigarettes.

The investigation has been ongoing, and subsequent to the filing of the complaint it was learned that on January 18, 2015, a Radio Shack store in Lincoln Park was robbed in much the same manner by Harris and Bell, and a third man, presumably. Bell put the gun to the back of one of the two female employees, put his hand over her mouth, and ordered both women into the back room, while taking her cell phone. There is video surveillance footage showing Bell in the forefront, and Harris in the background wearing a security guard jacket and a Chicago Bulls baseball hat.

Defendant Harris is 25 years old, married, although he has been separated from his wife for long periods of time. They have one five year old child. Defendant had previous employment as a construction worker from 2007-2012, but the company that employed him went under, and since then he has had only four months employment from August to October 2014, when he was fired from Serv-Pro. He admits to smoking marijuana on a daily basis and has been living with his wife's parents for the past month.

Defendant chose to associate with two individuals and was engaged in the armed robbery that took place on January 18, 2015. He witnessed his partners put a loaded gun into the back of a female employee, and then order her and the other female clerk to the back of the store. He saw that two lives were threatened with deadly violence as part of the scheme to rob the Radio Shack store in Lincoln Park of iPhones for resale.

Then he went back and did it all over again on February 1, 2105. He joined Defendant Bell in the same scheme, utilizing the same tactics, and participated in an armed robbery of a Radio Shack store where innocent employees were ordered to the back of the store at gunpoint, with a gun put into the back of one of the men while they were given orders.

Pretrial Services has interviewed Defendant Harris and concludes that he poses a danger to the community and recommends detention. Pretrial Services also reports that Defendant has failed to appear three times for arrests for traffic offenses.

This Court finds that there is clear and convincing evidence that Defendant Harris poses a danger to the community, and that there is no condition or combination of conditions that would assure the safety of the community. Detention is Ordered.